## HARRY F. BAKER *vs.* THE VUONO CONSTRUCTION COMPANY.

Third Judicial District.

Argued June 6th—decided July 27th, 1916.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County where the plaintiff was nonsuited in a trial to the jury before *Gager, J.*, and from the refusal of the court to set aside this judgment the plaintiff appealed. *No error.*

*John C. Chamberlain* and *George P. Rowell,* for the appellant (plaintiff).

*John S. Pullman,* for the appellee (defendant).

PER CURIAM. The plaintiff, a carpenter accustomed to working on buildings of modern construction, was engaged with others at the time of the accident in moving a heavy iron beam toward the place where it was to be used in the construction of a schoolhouse. The lower end of the beam rested, for about one half of its width, upon a plank laid on the cellar bottom, and the other end was elevated by a crib-work built near the middle of the beam for that purpose. The beam rested at an angle to a partition wall with its lower end close to the wall. An order was given, as the plaintiff heard it, to swing the beam around so as to load it on to a dolly roll and move it along. The customary method of straightening out a beam so situated was, as the plaintiff knew, to bear down on

the high end and swing the other end around. That was attempted to be done in this case. Some of the men bore down on the high end of the beam, and the plaintiff picked up a crowbar, went to the lower end of the beam, found that he could accomplish nothing there because half of the beam was on the plank and the space was too narrow, and then stepped over the beam, intending to use the bar through an open doorway in the partition wall. In doing this he put his left foot down into a narrow space between the beam and the footing of the wall. At that moment the beam canted sideways against the wall and crushed his leg above the ankle. Admittedly the crib-work stood firm and the canting of the beam was permitted because only half its width rested on the plank at its lower end, a fact known to the plaintiff, who had just been looking at it. It does not appear that it was necessary for the plaintiff to put his foot between the beam and the wall, or that he might not have stepped over the beam into the doorway where he would have been safe.

The only negligence alleged on the defendant's part is in giving the order to bear down on the high end of the beam at a time when the plaintiff was in a place of danger. But the plaintiff's own testimony is that he was in a safe place when he heard the order, and then put his foot into a place whose danger was as apparent to him as to anybody. Assuming that the defendant was negligent, the plaintiff was, on his own testimony, clearly guilty of contributory negligence, and the nonsuit was properly granted.

There is no error.